Caruthers, J.,
delivered the opinion of the Court.
This was an action of debt, commenced before a Justice of the Peace, upon a note for $140. The defense was, that the horse for which the note was given, was unsound, and of no value, and that known to the vendor, and fraudulently concealed; and upon this ground the payment of the note was resisted. The Justice found against the defense, and gave judgment for the whole amount. The defendant appealed to the Circuit Court, when the jury gave a verdict in favor of .the plaintiff, for only $87.50, allowing, as they say in the verdict, damages of $54.35, by way of “ recoupment.” Whereupon, the Court gave judgment in favor of the plaintiff, for the $87.50, and the small amount of costs accrued in establishing his claim, and against him for the remainder of the costs of the case, amounting to upwards of $200. The plaintiff appealed.
Whether this judgment in relation to the costs, was right, is the only question to be considered, as the merits of the case upon the facts, are settled by the verdict.
*520 The large bill of costs accrued, of course, in the investigation of the defense set up of fraud and want of consideration. The whole note was resisted upon these grounds, but the defense only proved successful to the extent of $54.
The Code, sec. 3197, provides that “the successful party in, all civil actions, is entitled to full costs, unless otherwise directed by law.” These directions to the contrary, or exceptions, are set out in the next section, which embraces those cases where damages do not exceed five dollars — actions for slander, &c.
To sustain the. judgment of the Court, we are referred to two cases of our own. The first is in 2 Swan, 202, where it is held, that when a plaintiff declares in separate counts upon several causes of action, and only succeeds on part, he must pay the costs of those on which he fails, and defendant on the others. The other is that of Boothe vs. Cowan, 5 Sneed, 354, in which it was held, that where a set-off was relied upon in defense, and that, as well as the claim of the plaintiff, was established, each party was entitled to judgment for the costs incurred in sustaining their respective claims. In that case, the set-off was larger than the demand established for the plaintiff, and he had judgment for the excess. But, he was only allowed the costs which arose from the contest upon his set-off, and was made to pay those which accrued on the adverse claim of the unsuccessful plaintiff.
Both cases were decided correctly, though rather innovations upon the law of costs in Courts under the Act of 1794. But this is a different case altogether, and cannot be governed by the same principle or reason. *521 Here, there is nothing admitted to be due the plaintiff, but his whole demand is contested. His whole claim is impeached for fraud, and resisted for failure, or' want of consideration. In cases where an adverse demand is set up in defense as a * set-off, the' claim on • the other side is admitted, or if not, the two actions' are tried together, to avoid circuity. In such cases, each party must answer for the costs to which he puts his adversary, in sustaining a demand against him, which is found by the verdict, to be just. But, where the whole demand of the plaintiff, upon any ground, is' contested, and it is only reduced in amount; how can it be said that the Statute, allowing full costs to the successful party, does not apply? If the rule adopted in this case, were adopted, the powers of a Court of Equity, as to costs, would be exercised by Courts of Law in the face of the Act of 1794, and the Code. We can go no further than we have done in the cases cited on- this subject. If the defendant desires to shift the burthen of costs in this kind of case, he must, at his .peril, tender the amount due the plaintiff, and that will exonerate him from costs, if no more .is. recovered. .,
The principle contended for, would require a division of the costs where some of the items of an. .account sued upon, or some of the items of property embraced in a declaration in trover, or even tracts .of. land shed for in ejectment, were successfully resisted by the defendant, and though others might be recovered. -So, the rule carried out, would become impracticable and absurd.
The judgment of the Court, as to costs, must be reversed, and judgment given here against the defendant-for all the costs.